UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00003-JDE | Date | June 24, 2025 |
|---|---|---|---|
| Title | Yeong Lee v. Gen California, LLC, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:** (In Chambers) Order Dismissing Action for Failure to Prosecute and Failure to Comply with a Court Order [JS-6]

Plaintiff Yeong Lee ("Plaintiff") filed the Complaint in this action on January 2, 2025, naming two defendants, Gen California LLC ("Gen") and CCP Orangefair Marketplace LLC ("CCP") (collectively, "Defendants"). Dkt. 1 ("Complaint").

On February 4, 2025, Plaintiff filed Proofs of Service reflecting service upon each named defendant on January 21, 2025. Dkt. 8, 9. Facially, Defendants' responsive pleadings were due 21 days after service, that is, by February 11, 2025. See Fed. R. Civ. P. ("Rule") 12(a)(1)(A)(i). Neither of the Defendants filed a responsive pleading by February 11, 2025. On February 12, 2025, Plaintiff moved for entry of default against Defendants (Dkt. 11) and the Clerk entered a default as to each of the Defendants on February 19, 2025 (Dkt. 12). Later on February 19, 2025, counsel appeared for CCP and the next day, Plaintiff and CCP filed a Stipulation to set aside the default of CCP. Dkt. 14 ("Stipulation"). The Court granted the Stipulation on February 21, 2025, set aside the default as to CCP, and granted those parties' joint request to provide CCP 30 days from February 21, that is, until March 24, 2025, accounting for an intervening weekend, to respond to the Complaint. Dkt. 15. CCP did not file a responsive pleading by March 24, 2025, or thereafter.

Roughly two and a half months later, on June 5, 2025, the Court issued an order to Show Cause for Failure to Prosecute that provided, in part:

> As of the date of this Order, Gen has been in default, with a default entered, since February 19, 2025, and CCP has been in default since March 25, 2025, though no new entry of default has been requested or entered as to CCP.
>
> Plaintiff has an obligation to prosecute this action in a timely manner. See generally Rule 1; Rule 41(b). As a result, Plaintiff is ORDERED TO SHOW CAUSE in writing within 14 days from the date of this Order why this action should not be dismissed for failure to prosecute. Plaintiff may comply with this Order by, within 14 days: (1) filing a request for entry of default as to CCP, with a motion for default judgment as to CCP and Gen to be filed within 7 days of the Clerk's entry of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00003-JDE | Date | June 24, 2025 |
|---|---|---|---|
| Title | Yeong Lee v. Gen California, LLC, et al. | | |

default as to CCP; or (2) filing a Notice of Dismissal of the entire action.

Failure to file a timely, complaint response to this Order may result in an order of dismissal of the action for failure to prosecute under Rule 41(b)(1) without further notice.

Dkt. 19 ("OSC") at 1-2. Despite being advised that failing to do so may result in dismissal of the action without further notice, Plaintiff did not, within 14 days, (1) seek to obtain any further default relief; (2) file a response to the OSC; or (3) seek additional time in which to do so.

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440; see also Yourish v. California Amplifier, 191 F.3d 983, 991-92 (9th Cir. 1999)

Here, factors one and two, the public's interest in expeditious resolution of litigation and the court's interest in managing its docket, militate in favor of dismissal for Plaintiff's prosecute this action and failure to comply with a Court order. As to the third factor, the risk of prejudice to Defendants is limited as defendants themselves, facially, have not timely responded to the Complaint. Nonetheless, even in default, Defendants have rights under Rules 55 and 58. Factor four, the public policy favoring disposition of cases on the merits, counsels against dismissal based solely on the failure to prosecute, but any dismissal here would be without prejudice. Lastly, the fifth factor, the availability of less drastic sanctions, counsels in favor of dismissal where, as here, Plaintiff was cautioned that failure to comply with the OSC could result in dismissal of the action without further order, yet Plaintiff ignored the OSC.

Three of the five Carey factors strongly favor dismissal. Balancing all of the factors here, and considering the cautionary language in the OSC and the time that has passed without action by Plaintiff to prosecute this action as to Defendants, dismissal without prejudice is warranted here for Plaintiff's failure to prosecute and failure to comply with a Court Order under Fed. R. Civ. P. 41(b)

As a result, this action is DISMISSED without prejudice [JS-6].

IT IS SO ORDERED.

| | Initials of Courtroom Deputy | ARO |
|---|---|---|